| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| *versus* § | NO. 1:22-CR-00074 |
| § | |
| CHARLES BRETT BOREN § | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Pending before the court is Defendant Charles Brett Boren's ("Boren") Motion to Suppress Evidence ("Motion to Suppress" or "Motion") (#20). On January 11, 2023, the court referred Boren's Motion to Suppress to United States Magistrate Judge Zack Hawthorn (#21). On January 13, 2023, the Government filed a response in opposition (#22). On January 19, 2023, Judge Hawthorn held a hearing on the motion.

On February 3, 2023, Judge Hawthorn issued his Report and Recommendation (#28), recommending that the court deny Boren's Motion to Suppress because: (1) the plain view exception applied to the discovery of the contraband found in Boren's vehicle, and (2) even if the plain view exception did not apply, the City of Orange Police Department's ("OPD") policy of conducting inventory searches of an arrestee's automobile would have inevitably led to the discovery of the contraband. On February 13, 2023, Boren filed his Objections to Magistrate Judge's Report and Recommendation (#29).

The court has conducted a *de novo* review of the objections in relation to the parties' filings and the applicable law. 28 U.S.C. § 636(b)(1)(C); E.D. TEX. CRIM. R. 59(d). After careful consideration, the court finds that Judge Hawthorn correctly concluded that Boren's Motion to Suppress should be denied. First, Boren objects that the plain view doctrine cannot

apply to the instant case because Detective Steele unlawfully entered Boren's vehicle before he discovered the contraband in plain view.  This is an incorrect statement of the facts.

As Judge Hawthorn stated in his Report and Recommendation, and as Detective Steele testified at the January 19, 2023, hearing, Detective Steele saw the contraband in plain view prior to reaching into Boren's vehicle, and he therefore had probable cause to pick up the sunglasses case and open it to confirm its contents.  *United States v. Turner*, 839 F.3d 429, 433 (5th Cir. 2016).  At the hearing, Detective Steele testified that while he was standing outside of Boren's vehicle, he "could see down inside the baggie in the case," identified a crystal-like residue in the plastic bag, and immediately recognized it as methamphetamine residue.  Accordingly, the magistrate judge correctly determined that the plastic bag containing methamphetamine residue was in plain view, and that Detective Steele did not conduct an unlawful search of Boren's vehicle.

Second, Boren objects to the Judge Hawthorn's discussion of the inevitable discovery doctrine because "this argument was never made by the Government."  This assertion is also incorrect.  Not only did the Government's Response address the inevitable discovery doctrine, but Detective Steele described the OPD policy of conducting inventory searches of an arrestee's vehicle if there are no other passengers in the car.  Here, Detective Steele and other OPD police officers arrested Boren after conducting a traffic stop of his vehicle.  Boren had no other passengers in his vehicle.  Therefore, Judge Hawthorn correctly determined that the OPD would have followed its policy of conducting an inventory search of Boren's vehicle according to OPD's standard procedures.  As such, the inevitable discovery doctrine also applies in this case.  *See United States v. Lamas*, 930 F.2d 1099, 1102 (5th Cir. 1991).

3

It is therefore ORDERED that the report and recommendation of the magistrate judge (#28) is ADOPTED. Defendant Charles Brett Boren's Motion to Suppress Evidence (#20) is DENIED.

SIGNED at Beaumont, Texas, this 15th day of February, 2023.

*Marcia A. Crone*

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE